ROBINSON (NELSON v.). See Case No. 10,-114.

———

## Case No. 11,962.

### ROBINSON et al. v. RANDOLPH.

[4 Ban. & A. 163;[1] 2 N. J. Law J. 170.]

Circuit Court, D. New Jersey. March, 1879.

PATENTS—PRELIMINARY INJUNCTION—DEFENDANT'S AFFIDAVIT.

Where, upon a motion for a preliminary injunction, the defendant alleged the invalidity of the patent and the existence of facts proving the same, which, on his own showing, he had known at the date of the patent, and during the pendency of another suit for the infringement thereof, in which, although not a party thereto, he had taken an active interest on behalf of the defendants, but had remained silent as to such facts, the court refused to withhold the injunction in this suit on his uncorroborated affidavit—prima facie evidence having been given justifying the injunction.

[Cited in Cary v. Lovell Manuf'g Co., 24 Fed. 143.]

[This was a bill in equity by Mary A. Robinson and others against Reune R. Randolph.]

S. B. Ransom, for complainants.

Joseph F. Randolph, for defendant.

NIXON, District Judge. This case presents some unusual and perplexing questions. The complainants ask for an interlocutory injunction, pending the suit, and show the two facts, to wit, a decree establishing the validity of the patent, and infringement by the defendant, upon proof of which the courts ordinarily grant the application.

The defendant, Randolph, however, comes in by answer and affidavits, to resist the motion, and sets up defences, and alleges the existence of facts, which, if true, show not only that the injunction ought not to be granted, but render it certain that the patent is void. These facts are not new, and have not recently come to the knowledge of the defendant. He knew them when the patent was granted, and at the time of the reissue, and during the pendency of the suit against Rankin and others, in which the validity of the patent was contested and established.

The bill charges that he took an active part in that controversy against the complainants; that he sat with the defendant, and their counsel during the argument on the final hearing, and that after a decree was rendered in favor of the complainants, and and upon on application for a rehearing on account of newly discovered evidence, he supplied his own affidavit, disclosing facts in aid of the motion.

The defendant, in his answer, after disclaiming any pecuniary interest in that controversy, acknowledges his activity during its progress, and explains it by the statement, that "he had a friendly desire to see the defendants prevail in resisting what he most sincerely believed to be an attempt at blackmail and fraud on the part of the complainants."

Here is an extraordinary statement! Holding himself out as friendly to the defence; consorting with the defendants during the progress of the trial; regarding the suit as an attempt at blackmail and fraud; and, having within his breast, as he now claims, a knowledge of facts and circumstances, which, if revealed, would defeat it, he carefully conceals his knowledge, allows the wrong and fraud to triumph before his face, and never opens his lips until a revelation is necessary to exculpate himself from the charge of personal infringement.

It is not uncharitable or harsh to the defendant, to hold, that persons thus acting, ought not to expect the court to allow their testimony to impeach a decree, the truth and justice of which they have by implication admitted by remaining silent, when, by speaking, they could have prevented it. They are not ultimately concluded by it, but prima facie it is good against them, and it requires more than their uncorroborated affidavit to invalidate it. There is no corroboration of the defendant's answer in the present case, and he must be temporarily enjoined, and it is ordered accordingly.

[The respondent subsequently moved to dismiss bill for want of replication. Motion denied. Case No. 11,963.]

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]